UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULWINDER SINGH, (A-226-093-446), Petitioner, v. TONYA ANDREWS, et al, Respondents. | No. 1:26-cv-1518 DAD AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former federal immigration detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 while he was civilly detained by Immigration and Customs Enforcement ("ICE"). ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I. Factual and Procedural History

Petitioner entered the United States without inspection in June 2024 and was detained by immigration officers and released on an Order of Release on Recognizance ("ROR") the same day. ECF No. 1 (Verified Petition) at 2, 15. He applied for asylum in September 2024, was granted employment authorization, and complied with the conditions of his release. Id. at 2-3, 15-16. Despite petitioner's history of compliance and lack of criminal history, he was re-detained by immigration officers without notice at his ICE check-in on December 20, 2025. Id. at 3, 16.

On February 23, 2026, the court received the petition for writ of habeas corpus, which petitioner submitted along with a motion for temporary restraining order. ECF Nos. 1, 2. The petition asserts that petitioner's detention violates his substantive and procedural due process rights under the Fifth Amendment Due Process Clause. ECF No. 1 at 17-19. By way of relief, petitioner seeks a declaration that his detention violates the Fifth Amendment Due Process Clause, release from immigration custody, an injunction against re-detention unless ordered at a custody hearing before a neutral arbiter at which the government bears the burden of proving by clear and convincing evidence that petitioner is a flight risk or danger to the community, Equal Access to Justice Act ("EAJA") fees and costs, and any other relief deemed just and proper. Id. at 19.

The court issued a briefing order, directing a response and ordering that the response

> shall substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable.

ECF No. 6. The court further directed that the response should indicate whether respondents oppose the court converting the motion for temporary restraining order to a motion for preliminary injunction. Id.

In response, respondents filed a motion to dismiss the petition for all respondents other than petitioner's immediate custodian, ECF No. 7, and a response to the petition and opposition to temporary and/or preliminary injunctive relief. ECF No. 8. In their response, the respondents conceded there were no material differences between this case and the case cited in the court's minute order and indicated they did not oppose a conversion of the motion to a motion for preliminary injunctive relief. Id. at 2. Respondents disputed the timeliness of the motion for preliminary relief and opposed it, citing Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). Id. at 2-4. Respondents also requested that if preliminary injunctive relief is granted, the court hold the petition in abeyance pending a decision by the Ninth Circuit Court of Appeals in Rodriguez v. Bostock, 779 F. Supp. 3d 1239 (W.D. Wash. 2025) and Carballo v. Andrews, No.

1:25-CV-00978 KES EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025), and that any injunction not prevent the execution of a final removal order, if one is issued following the completion of removal proceedings. Id. at 4-5.

The court found this case analogous to Ayala Cajina, rejected respondents' reliance on Buenrostro-Mendez, converted the motion for temporary restraining order to a motion for preliminary relief, and granted it as such. By way of preliminary injunctive relief, the court ordered petitioner's release and that he not be re-detained by immigration officials absent certain constitutional protections. ECF No. 9. Petitioner was released from custody.[1]

The undersigned issued a further briefing order, which provided respondents with an opportunity to file an answer and additional evidence, and petitioner an opportunity to submit a reply. ECF No. 10. Respondents submitted a return to the petition, arguing that the petition should be dismissed because petitioner's due process claim is without merit and petitioner was properly detained pursuant to 8 U.S.C. § 1225(b). ECF No. 11. Again, they rely on Buenrostro-Mendez. Id. at 4. Petitioner did not file a reply. The case is deemed submitted.

## II. Analysis

### A. Respondents' Motion to Dismiss (ECF No. 7)

Respondents' motion to dismiss, citing Doe v. Garland, 109 F.4th 1188 (9th Cir. 2024), seeks to dismiss all respondents except petitioner's immediate custodian. ECF No. 7. However, Doe v. Garland held that a petitioner challenging his immigration detention must name his immediate custodian, 109 F.4th 1188, 1195-97 (9th Cir. 2024); it did not hold that petitioner is precluded from naming more than one respondent so long as the immediate custodian is named, nor did it address who may be named as a respondent when the appropriate remedy includes an injunction against any future re-detention. See, e.g., Khan Atal v. Warden, California City Corrections Center, No. 1:26-cv-01945 DAD SCR, 2026 WL 1110268, at *1-2, (E.D. Cal. Apr.

[1] The court takes judicial notice of the information provided on the Immigration and Customs Enforcement Online Detainee locator, available at https://locator.ice.gov/odls/#/search (last visited September 15, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

24, 2026) (citing Estrada v. Mullin, No. 1:26-cv-02527 KES EPG (HC), 2026 WL 1030902, at *1 (E.D. Cal. Apr. 16, 2026)). In this case, because petitioner has named his immediate custodian, and, as discussed below, the appropriate remedy includes an injunction against future re-detention, the undersigned recommends respondents' motion to dismiss be denied.

B. Petition for Writ of Habeas Corpus (ECF No. 1)

For the reasons indicated in the court's minute order granting a preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 petition be granted based on the violation of Petitioner's Fifth Amendment right to procedural due process. See ECF 9; Ayala Cajina, 2025 WL 3251083, at *3-5; O.A.C.S. v. Wofford, No. 1:25-cv-01652 DAD CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025); Perez v. Albarran, No. 1:25-cv-01540 DAD CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025). In addition, the undersigned finds respondents' position—that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)—and reliance on Buenrostro-Mendez contrary to recent Ninth Circuit precedent. Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026) (noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(a)").[2]

The appropriate remedy for the due process violation includes permanently enjoining respondents from re-detaining petitioner absent notice and a pre-detention hearing before an immigration judge at which respondents will bear the burden of demonstrating a change in circumstances that justifies such detention. Ramirez Godinez v. Warden of the California City Detention Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251, at *5 (E.D. Cal. Aug. 21, 2026), report and recommendations adopted, 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026) (recommending a permanent injunction based on a finding that respondents violated the noncitizen's due process rights in detaining him and collecting cases).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on the

[2] In light of the Ninth Circuit's decision in Rodriguez Vazquez, the undersigned further recommends that respondents' request to hold this matter in abeyance be denied as moot.

Fifth Amendment procedural due process claim.

2. The court DECLARE petitioner's re-detention in December 2025 violated petitioner's rights under the Fifth Amendment Due Process Clause.

3. The court DISMISS WITHOUT PREJUDICE the remaining claim in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

4. The preliminary injunctive relief previously granted be made PERMANENT.

5. Respondents' motion to dismiss (ECF No. 7) be DENIED.

6. Petitioner's request for attorney's fees and costs be DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion.

7. All other pending motions, if any, be DENIED as MOOT.

8. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE